UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. _____

MARIA GRANADOS, JUANA GRANADOS, )
JULIA M. GRANADOS-SANTOS, and other )
similarly situated individuals, )
)
        Plaintiffs, )
)
v. )
)
PALM COAST BUILDING )
MAINTENANCE, INC. and DARYL CRUPI, )
)
        Defendants. )
_____ )

## **COMPLAINT**
### **(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, MARIA GRANADOS, JUANA GRANADOS, JULIA M. GRANADOS-SANTOS (collectively referred to as "Plaintiffs") and other similarly situated individuals, sue the Defendants, PALM COAST BUILDING MAINTENANCE, INC. and DARYL CRUPI (collectively the "Defendants"), and allege:

### **JURISDICTION**

1. This is an action to recover money damages for unpaid minimum wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").



www.saenzanderson.com

1

## VENUE

3. Plaintiffs are residents of Broward County, Florida. Plaintiffs are covered employee for purposes of the Act.

4. Defendant PALM COAST BUILDING MAINTENANCE, INC. (individually the "Corporate Defendant") and Defendant DARYL CRUPI (individually the "Individual Defendant"), are a Florida company and a Florida resident, respectively, having their main place of business in Palm Beach County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Palm Beach, Florida.

## COUNT I: WAGE AND HOUR VIOLATION BY
## PALM COAST BUILDING MAINTENANCE, INC. (MINIMUM WAGE VIOLATIONS)

5. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiffs and those similarly situated to recover from the Corporate Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

7. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

8. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state


www.saenzanderson.com

lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

9. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

10. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a cleaning company and, through its business activity, affects interstate commerce. The Plaintiffs' work for the Corporate Defendant likewise affects interstate commerce.

11. Plaintiffs were each employed by the Corporate Defendant as housekeepers or cleaning staff for the Corporate Defendant's business. Each held identical positions.

12. 29 U.S.C. § 206 (a) (1) states "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.



13. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

14. In Florida, the applicable minimum wage rates are as follows:

   a. 2017 = $8.10 per hour.
   b. 2018 = $8.25 per hour.
   c. 2019 = $8.46 per hour.
   d. 2020 = $8.56 per hour.

### *Maria Granados*

15. While employed by the Corporate Defendant, Plaintiff MARIA GRANADOS ("Maria G.") worked approximately an average of 20 hours per week.

16. Maria G.'s schedule was from 6 p.m. to 10 p.m., 5 days per week.

17. Maria G. worked for the Corporate Defendants from Feb 2018 to during or around July 2020.

18. During her last weeks of employment, the Corporate Defendant did not pay Maria G. at all for four (4) compensable weeks, or for eighty (80) hours of compensable work.

19. Maria G. was employed as a housekeeper or cleaning staff performing the same or similar duties as that of those other similarly situated cleaning personnel whom Maria G. observed working along her side.

20. Maria G. seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.



www.saenzanderson.com

21. Prior to the completion of discovery and to the best of Maria G.'s knowledge at the time of the filing of this Complaint, Maria G.'s good faith estimate of unpaid minimum wages is as follows:

   a. **Actual Damages: $8.56 (hourly pay) x 20 (unpaid hours worked) x 4 (weeks) = $684.80**

   b. **Liquidated Damages: $684.80**

   c. **Total Damages: $1,369.60** plus reasonable attorneys' fees and costs of suit.

22. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Maria G. and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the correct minimum wage rate. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid their full minimum wages.

23. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum wage wages and remains owing Maria G. and those similarly situated these minimum wages since the commencement of Maria G.'s and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Maria G. and those similarly situated are entitled to recover double damages.

24. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.



www.saenzanderson.com

25. The Corporate Defendant willfully and intentionally refused to pay Maria G. minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Maria G. has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### *Juana Granados*

27. While employed by the Corporate Defendant, Plaintiff JUANA GRANADOS ("Juana G.") worked approximately an average of 20 hours per week.

28. Juana G.'s schedule was from 6 p.m. to 10 p.m., 5 days per week.

29. Juana G. worked for the Corporate Defendants from about May 2019 to during or around December 2019.

30. During her last weeks of employment, the Corporate Defendant did not pay Juana G. at all for 4 compensable weeks, or for 80 hours of compensable work.

31. Juana G. was employed as a housekeeper or cleaning staff performing the same or similar duties as that of those other similarly situated cleaning personnel whom Juana G. observed working along her side.

32. Juana G. seeks to recover unpaid minimum wages accumulated from the date of hire and/or from three (3) years preceding the date of the filing of this Complaint.

33. Prior to the completion of discovery and to the best of Juana G.'s knowledge at the time of the filing of this Complaint, Juana G.'s good faith estimate of unpaid minimum wages is as follows:



    a. **Actual Damages: $8.56 (hourly pay) x 20 (unpaid hours worked) x 4 (weeks) = $684.80**

    b. **Liquidated Damages: $684.80**

    c. **Total Damages: $1,369.60** plus reasonable attorneys' fees and costs of suit.

34. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Juana G. and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the correct minimum wage rate. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid their full minimum wages.

35. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum wage wages and remains owing Juana G. and those similarly situated these minimum wages since the commencement of Juana G.'s and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Juana G. and those similarly situated are entitled to recover double damages.

36. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

37. The Corporate Defendant willfully and intentionally refused to pay Juana G. minimum wages as required by the laws of the United States as set forth above and remains owing



www.saenzanderson.com

Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

38. Juana G. has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### *Julia Granados*

39. While employed by the Corporate Defendant, Plaintiff JULIA GRANADOS ("Julia G.") worked approximately an average of 20 hours per week.

40. Julia G.'s schedule was from 6 p.m. to 10 p.m., 5 days per week.

41. Julia G. worked for the Corporate Defendants from March 2019 to during or around April 2020.

42. During her last weeks of employment, the Corporate Defendant did not pay Julia G. at all for 4 compensable weeks, or for 80 hours of compensable work.

43. Julia G. was employed as a housekeeper or cleaning staff performing the same or similar duties as that of those other similarly situated cleaning personnel whom Julia G. observed working along her side.

44. Julia G. seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 years preceding the date of the filing of this Complaint.

45. Prior to the completion of discovery and to the best of Julia G.'s knowledge at the time of the filing of this Complaint, Julia G.'s good faith estimate of unpaid minimum wages is as follows:

   a. **Actual Damages: $8.56 x (hourly pay) x 20 (unpaid hours worked) x 4 (weeks) = $684.80**



www.saenzanderson.com

8

    b. **Liquidated Damages: $684.80**

    c. **Total Damages: $1,369.60** plus reasonable attorneys' fees and costs of suit.

46. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Julia G. and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the correct minimum wage rate. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid their full minimum wages.

47. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of minimum wage wages and remains owing Julia G. and those similarly situated these minimum wages since the commencement of Julia G.'s and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Julia G. and those similarly situated are entitled to recover double damages.

48. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

49. The Corporate Defendant willfully and intentionally refused to pay Julia G. minimum wages as required by the laws of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.



www.saenzanderson.com

9

50.     Julia G. has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY DARYL CRUPI (MINIMUM WAGE)

51.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-50 above as if set out in full herein.

52.     At the times mentioned, the Individual Defendant was, and is now, the Owner and/or Director of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs and others



www.saenzanderson.com

10

similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and is jointly liable for Plaintiffs' damages.

53. The Individual Defendant is and was, at all times relevant, a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

54. The Individual Defendant willfully and intentionally caused Plaintiffs not to receive minimum wage compensation as required by the laws of the United States as set forth above and remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

55. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and minimum wage compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.



www.saenzanderson.com

**JURY DEMAND**

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

**COUNT III: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE OF PLAINTIFFS AGAINST DEFENDANTS**

56. Plaintiffs MARIA G., JUANA G. and JULIA G. re-adopt each and every factual allegation as stated in paragraphs 1 through 55 above as if set out in full herein.

57. The Defendants willfully and intentionally refused to pay Plaintiffs their legally owed minimum wages as required by the laws of the United States and remain owing Plaintiffs these wages as set forth above.

58. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

59. Plaintiffs complained about their unpaid minimum wages to the Defendants on multiple occasions up until the time of their termination.

60. In response, Defendants failed to pay Plaintiffs their legally earned minimum wages. This action of the Defendants forced Plaintiffs to resign. Defendants constructively discharged Plaintiffs.

61. Plaintiffs were constructively discharged by Defendants: Plaintiff Juana G. was constructively discharged during or around December 2019; Plaintiff Julia G. was constructively discharged during or around April 2020; and Maria G. was constructively discharged during or around July 2020.



www.saenzanderson.com

12

62. The motivating factors, which caused the discharge as described above, were the complaints seeking the payment of minimum wages from the Defendants. In other words, Plaintiffs MARIA G., JUANA G., and JULIA G. would not have been constructively discharged but for their complaints about unpaid minimum wages.

63. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiffs MARIA G., JUANA G., and JULIA G. have been damaged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs MARIA G., JUANA G., and JULIA G. requests that this Honorable Court:

A. Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## **JURY DEMAND**

Plaintiffs MARIA G., JUANA G., and JULIA G. demand trial by jury of all issues so triable as of right.



Dated: October 15, 2020.

        Respectfully submitted,

        **By: /s/ Tanesha Blye**
        Tanesha Blye, Esquire
        Fla. Bar No.: 0738158
        Email: tblye@saenzanderson.com
        Yadhira Ramirez-Toro, Esquire
        Fla. Bar No.: 120506
        Email: yramirez@saenzanderson.com
        R. Martin Saenz, Esquire
        Fla. Bar No.: 0640166
        Email: msaenz@saenzanderson.com

        SAENZ & ANDERSON, PLLC
        20900 NE 30th Avenue, Ste. 800
        Aventura, Florida 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549
        *Counsel for Plaintiffs*



www.saenzanderson.com