UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 0:20-cv-81917-RAR

MARIA GRANADOS, JUANA GRANADOS, JULIA M. GRANADOS-SANTOS,

    Plaintiffs,

v.

PALM COAST BUILDING MAINTENANCE, INC. and DARYL CRUPI,

    Defendants.

**MOTION TO WITHDRAW COUNT III
(RETALIATORY DISCHARGE *ONLY*) OF
THE COMPLAINT WITHOUT PREJUDICE**

Plaintiffs, MARIA GRANADOS, JUANA GRANADOS, and JULIA GRANADOS, pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully request this Court to enter an Order dismissing Count III (Retaliation under the FLSA) of their Complaint without prejudice, and as grounds state as follows:

    1.    On October 15, 2020, Plaintiffs filed a three-count complaint alleging violations of the FLSA. Specifically, Plaintiffs alleged that they were not paid for certain hours worked (Counts I and II of the Complaint) and that they were constructively discharged after complaining about not getting paid for certain hours worked (Count III of the Complaint) [D.E. 1].

    2.    Plaintiffs insist that they were not paid for certain hours worked. Conversely,

1

Plaintiffs are not certain whether they can overcome the "but/for" standard which applies to Count III of the Complaint (Retaliation) after reviewing evidence presented by the Defendants. Thus, Plaintiffs seek to only get Count III of the Complaint dismissed and seek to proceed to try Counts I and II of their Complaint.

3. On November 11, 2020, Defendants emailed Plaintiffs' counsel, stating its contentions that Defendants were not liable to Plaintiffs, and on November 13, 2020, Defendants filed their Answer and Affirmative Defenses to Plaintiffs' Complaint [D.E. 11]. In their Answer, Defendants denied liability as to all counts and generally contended that they had a legitimate business reason to terminate plaintiffs. *Id.*

4. As Plaintiffs' counsel was attempting to analyze the information Defendants' counsel provided and speak to his clients about Defendants' defenses, counsel for Defendants emailed Plaintiff's counsel evidence of what Defendants believed was dispositive evidence on the issue of "why the defendants fired plaintiffs".

5. During the week of December 7, 2020, Plaintiffs' counsel had several discussions with Defendants' counsel regarding the parties' contentions and positions on the issues.

6. After having an opportunity to confer and analyze Defendants' contentions, and in the interest of narrowing the issues to be litigated, Plaintiffs have determined that it is in the interest of justice to dismiss Count III of the Complaint and to proceed on her remaining counts in the Complaint.

7. On December 11, 2020, Plaintiffs' counsel e-mailed Defendants' counsel asking, "will you/your client agree to a stipulation of dismissal without prejudice of Count III of the Complaint, with each party to bear fees and costs as to this Count?" Defendants counsel did not respond.

8. Plaintiffs are filing this motion within 21 days after being threatened sanctions by Defendants (and what they consider irrefutable evidence proving that Plaintiffs were not fired for complaining about unpaid minimum wages).

9. Since the Plaintiffs cannot voluntarily dismiss Count III of the Complaint (the Defendants already filed an Answer) and since the Defendants have not specifically agreed to a Joint Stipulation of Dismissal as to Count III of the Complaint, Plaintiffs are forced to file this motion to withdraw Count III of their Complaint under Rule 41(a)(2), Fed. R. Civ. P.

10. A dismissal of Count III of the Complaint will not affect the facts and law pertaining to Counts I and II of Plaintiffs' Complaint.

11. Defendants will not be prejudiced by the dismissal of the retaliatory discharge claim, as the case has only recently been commenced and no discovery has been propounded.

12. Defendants will not be harmed by a dismissal without prejudice of Count III of the Complaint.

## MEMORANDUM OF LAW

Fed. R. Civ. P. 41(a)(1)(A)(ii) allows Plaintiffs to voluntarily dismiss their retaliatory discharge claim if Defendants stipulate to the dismissal. Defendants have not agreed to stipulate to the dismissal of Count III of the Complaint. Accordingly, the only way that the retaliatory discharge claim can be dismissed is by way of Court Order. Fed. R. Civ. P. 41(a)(2).

It is within the court's discretion to allow a plaintiff to dismiss its claims. *See Villa Glas G.m.b.H. v. Everstone Pty Ltd*, 2007 U.S. Dist. LEXIS 52913, *2 (M.D. Fla. July 23, 2007). Courts generally exercise its discretion and grant Motions for Dismissal based upon well-established policy and because it has been ruled that it may constitute an abuse of discretion not to grant such a request. *See McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)

(stating a district court's decision to allow a dismissal without prejudice under Rule 41(a)(2) is only reviewed for an abuse of discretion). Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part:

> **[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.**

Furthermore, voluntary dismissals are favored in the 11th Circuit regardless of whether they are with or without prejudice, absent some evidence that the defendant will suffer plain prejudice. *See Owner-Operator Indep. Drivers Ass'n v. 4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865, *10 (M.D. Fla. July 12, 2007) (*granting* Plaintiff's Motion to Dismiss Counts I and II of its Complaint[1]) *citing Fisher v. Puerto Rico Marine Management, Inc.*, 940 F. 2d 1502, 1502-03 (11th Cir. 1991)). Such prejudice must be more than the mere prospect of a second lawsuit or presumed entitlement to attorney's fees and costs. *Id*. (*rejecting* Defendant's argument that it would be prejudiced by the dismissal because if it were to prevail on the counts being dismissed, it would be entitled to attorney's fees and costs); *see also McCants*, 781 F.2d at 856 - 857 (11th Cir. 1986) ("In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result.") "The crucial question to be determined is would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). In evaluating whether the requisite prejudice exists, the Court must weigh the relevant equities. *Pontenberg v. Boston Scientific Corp*., 252 F.3d 1253, 1255-56 (11th Cir. 2001).

In this case, Plaintiffs' Motion to Dismiss Count III (only) of their Complaint, is filed less than 2 months after their Complaint was filed, prior to the December 21, 2020 (deadline to

---

[1] In *Owner-Operator Indep. Drivers Ass'n* plaintiffs filed at least 3 counts against Defendants. *See Owner-Operator Indep. Drivers Ass'n*, 2007 U.S. Dist. LEXIS 50865 at *2.

amend the pleadings), before any discovery has been propounded by the parties, and over seven (7) months prior to the 2-week trial period commencement date of July 5, 2021. Accordingly, the motion should be granted. There is no evidence in the record that Defendants will be prejudiced or lose any rights upon dismissal of Plaintiffs' retaliatory discharge claims (Count III of the Complaint).

**WHEREFORE**, Plaintiffs pray that the Court enter an Order dismissing their retaliatory discharge claim only (Count III of the Complaint) without prejudice and allowing their minimum wage claims to proceed to trial.  A copy of a proposed Order granting this motion is attached as **Exhibit "A".**

        Respectfully,

        **R. Martin Saenz**
        R. Martin Saenz (FBN: 0640166)
        Email: msaenz@saenzanderson.com

        **Tanesha W. Blye**
        Tanesha W. Blye (FBN: 738158)
        Email: tblye@saenzanderson.com

        SAENZ & ANDERSON, PLLC
        20900 NE 30th Avenue, Ste. 800
        Aventura, Florida, 33180
        Telephone: (305) 503-5131
        Facsimile: (888) 270-5549
        *Counsels for Plaintiffs*

*EXHIBIT "A"*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 0:20-cv-81917-RAR

| | |
|---|---|
| MARIA GRANADOS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| PALM COAST BUILDING | ) |
| MAINTENANCE, INC. et al., | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ORDER GRANTING PLAINTIFFS' MOTION TO
WITHDRAW COUNT III (RETALIATORY DISCHARGE
*ONLY*) OF THE COMPLAINT WITHOUT PREJUDICE**

THIS CASE came before the Court on Plaintiffs' Motion to Withdraw Count III (Retaliatory Discharge only) of the Complaint Without Prejudice. The Court, having reviewed the Motion together with the Court file, and having considered the applicable law, ORDERS as follows:

Upon consideration of Plaintiffs' Motion to Withdraw Count III (Retaliatory Discharge only) of the Complaint Without Prejudice, it is hereby DONE AND ORDERED that Count III of Plaintiffs' Complaint, alleging Retaliatory Discharge, is Dismissed without prejudice. Plaintiffs shall proceed on their Counts I and II and discovery shall immediately begin upon entry of this Order.

**UNITED STATES DISTRICT JUDGE**

Copies furnished to: all counsel of record.