## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-81917-RAR

**MARIA GRANADOS**, **JUANA GRANADOS**,
**JULIA M. GRANADOS-SANTOS**, and other
similarly situated individuals,

      Plaintiffs,

v.

**PALM COAST BUILDING MAINTENANCE, INC**.,
and **DARYL CRUPI**,

      Defendants.

_____/

### OMNIBUS ORDER

Before the Court are Defendants Palm Coast Building Maintenance, Inc.'s ("Palm Coast")

and Daryl Crupi's Motion for Sanctions Pursuant to Rule 11 [ECF No. 27] ("First Motion for

Sanctions"), Defendants' Motion for Sanctions pursuant to Rule 16(f) [ECF No. 34] ("Second

Motion for Sanctions") and Plaintiffs' counsel's Motion to Withdraw [ECF No. 37] ("Plaintiffs'

Counsel's Motion").  Having considered the motions, responses, replies, pleadings, record and

applicable law, the Court **DENIES** the First Motion for Sanctions, **GRANTS** the Second Motion

for Sanctions, **GRANTS** Plaintiffs' Counsel's Motion and **DISMISSES** this action without

prejudice.

### BACKGROUND

On October 15, 2020, Plaintiffs initiated this action under the Fair Labor Standards Act, 29

U.S.C. § 201 *et. seq.* ("FLSA") to recover unpaid wages, liquidated damages and attorneys' fees.

*See* Compl. [ECF No. 1].  Plaintiffs are three sisters, who during the time alleged in the Complaint,

performed janitorial services for the named Defendants.  *See* Compl. ¶ 11.  According to the

Complaint, Defendants failed to comply with the FLSA by failing to post a notice of FLSA rights,

willfully and intentionally refusing to pay Plaintiffs minimum wages, and constructively terminating Plaintiffs in retaliation for Plaintiffs' complaints regarding the unpaid wages. *See generally* Compl.

On November 11, 2020, Defendants' counsel wrote to Plaintiffs' counsel to explain that, based on a review of Defendants' records, several of the allegations in Plaintiffs' Complaint appeared to be inaccurate, including the dates of employment, the hours Plaintiffs claimed to work, and the amounts Plaintiffs claimed to have been paid. *See* November 11th Email [ECF No. 27-1]. Additionally, the November 11th Email informed Plaintiffs' counsel that Plaintiffs were terminated for cause as evidenced by a date and time stamped surveillance video from the office of one of Palm Coast's clients allegedly showing that Plaintiffs stole umbrellas from the client's office. *Id.* On November 19, 2020, Plaintiffs' counsel contacted Defendants' counsel to advise him that they had not been able to discuss the specifics of the November 11th Email with their clients and to request that Defendants' counsel allow Plaintiffs to respond by December 3, 2020. *See* November 19th Email [ECF No. 36-2].

Despite Plaintiffs' counsel's request, on November 23, 2020, Defendants' counsel served Plaintiffs' counsel with a proposed Rule 11 motion and its accompanying exhibits and requested that Plaintiffs' counsel speak with his clients about the allegations as soon as possible. *See* Rule 11 Email [ECF No. 36-3]. On December 13, 2020, Plaintiffs moved to dismiss Count III (for Retaliation) [ECF No. 25], and the Court promptly dismissed that count and ordered that discovery proceed with respect to the remaining claims (Counts I and II) [ECF No. 26].

Given that Plaintiffs did not dismiss all three counts (as Defendants thought they should), on December 21, 2020, Defendants filed the First Motion for Sanctions requesting that this Court impose sanctions against Plaintiffs and their counsel pursuant to Federal Rule of Civil Procedure 11. *See* Defs.' Mot. [ECF No. 27]. While the First Motion for Sanctions was pending, the parties

were scheduled to appear for a telephonic settlement conference before Magistrate Judge Bruce Reinhart on January 11, 2021 at 1:00 P.M.  *See* [ECF No. 20].  The parties were aware that the Court required the presence of all parties with ultimate settlement authority at the January 11th settlement conference.  *See* Order Setting Telephonic Settlement Conference [ECF No. 20].

Defendant, Daryl Crupi, was in attendance, on behalf of himself individually as well as on behalf of corporate defendant Palm Coast (which Mr. Crupi owns).  Counsel for both parties were also present for the settlement conference.  However, none of the Plaintiffs appeared for the January 11th settlement conference.  *See* Settlement Conference Paperless Minute Entry [ECF No. 33].  As a result of Plaintiffs' failure to appear at the settlement conference without explanation, on that same day, Defendants' counsel filed the Second Motion for Sanctions pursuant to Rule 16(f) requesting sanctions, in the form of dismissal, as well as an award of fees incurred in connection with the failed settlement conference.  *See* Defs.' Mot. [ECF No. 34].

On January 15, 2021, Plaintiffs' counsel, citing several communication issues with his clients, moved for leave to withdraw as counsel of record for Plaintiffs.  *See* Pls.' Mot. [ECF No. 37].

## LEGAL STANDARD

Defendants seek sanctions against Plaintiffs and their counsel pursuant to Federal Rule of Civil Procedure 11(b) and 16(f).  The Court addresses the standard under each rule in turn.

Rule 11 of the Federal Rules of Civil Procedure provides that by signing a pleading, motion, or other paper presented to the court, the attorney signing is certifying that the claim asserted is neither frivolous nor brought for an improper purpose.  FED. R. CIV. P. 11(b).  The Rule further provides that if a party violates that certification a court may, after notice and an opportunity for the offending party to respond, impose sanctions.  FED. R. CIV. P. 11(c).  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Menendez v. Signature*

*Consultants, LLC*, No. 11-CV-61534, 2011 WL 6179727, at *3 (S.D. Fla. Dec. 13, 2011) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).  The Eleventh Circuit has developed a two-step inquiry for Rule 11 sanctions that examines (1) whether the claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous.  *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  The objectively frivolous claim prong of this inquiry can be demonstrated in one of three ways: (1) when a party files a pleading, written motion or other paper that has no reasonable factual basis; (2) when a party files a pleading, written motion or other paper that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading, written motion or other paper in bad faith for an improper purpose.  *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quotation marks and citation omitted).  "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law."  *Baker*, 158 F.3d at 524 (citations and quotations omitted).

Like Rule 11, Rule 16(f) affords broad discretion to a district court.  *See United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003).  It "permits a district court to issue 'any just orders' if, among other things, a party fails to obey a scheduling or other pretrial order."  *Yaffa v. Weidner*, 717 F. App'x 878, 883 (11th Cir. 2017) (quoting FED. R. CIV. P. 16(f)(1)).  "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Rule 16(f) expressly permits sanctions pursuant to Rule 37(b)(2)(A)(v), which in turn allows a court to dismiss a proceeding or action in whole or in part for a party's failure to comply with a court order.  *See id.* (finding dismissal under

Rule 16(f) an appropriate sanction where counsel, among other things, failed to appear for a pretrial conference).  The Rule further provides as follows:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses — including attorney's fees — incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 16(f)(2).

## ANALYSIS

### A. *Rule 11 Sanctions Are Not Warranted*

Applying the standard to the facts at hand, the Court finds that Defendants have not demonstrated Plaintiffs' claims are objectively frivolous.  Sanctions cannot, therefore, be imposed against Plaintiffs or Plaintiffs' counsel under Rule 11.

Defendants contend that sanctions are warranted because Plaintiffs' case is "completely frivolous" given that "Plaintiffs' complaint overestimate[d] their hours worked by 20%," Plaintiffs "overestimate[d] their tenures by months" and "not only were Plaintiffs paid in excess of minimum wage, but they were also terminated for cause."  Defs.' Mot. [ECF No. 27] at 3, 5.  In support of their First Motion for Sanctions, Defendants rely on the November 11th Email, the video footage revealing Plaintiffs' alleged theft, and the Rule 11 Email.[1]  *Id.*  However, neither the November 11th Email nor the Rule 11 Email contain "work schedules, timesheets, payroll records, employment contracts, timeclock records, [or] paystubs" or otherwise demonstrate Plaintiffs had no reasonable factual basis for filing the Complaint.  Pls.' Resp. [ECF No. 36] ¶ 18.

Despite Defendants' failure to attach any of the aforementioned documents in support of

---

[1]  The Court finds that the video evidence allegedly showing Plaintiffs' theft of umbrellas is irrelevant for purposes of the following analysis because such evidence would only be pertinent to Plaintiffs' retaliation claim (Count III) and Plaintiffs voluntarily dismissed their retaliation count within Rule 11's 21-day safe harbor period.  *See* [ECF Nos. 25, 26].

their First Motion for Sanctions, the Court was able to review the paystubs Defendants produced through discovery. *See* Pls.' Resp., Ex. D [ECF No. 36-4].  But again, as Plaintiffs' counsel notes, the paystubs "fail[] to identify how many hours each Plaintiff worked for the specific pay period claimed, and what the hourly rate was for any work performed" and hence do not establish that Plaintiffs' claims are objectively frivolous.  Pls.' Resp. [ECF No. 36] ¶ 23.  Additionally, Plaintiffs' counsel represent that they contacted Plaintiffs regarding the veracity of the paystubs, and Plaintiffs confirmed that "regardless of what Defendants' [p]aystubs suggest, Plaintiffs were never paid for at least 80 hours of work in the final weeks of their employment."  Pls.' Resp. [ECF No. 36] ¶ 26.  Thus, it appears that a genuine factual dispute exists as to what Plaintiffs were or were not paid and Defendants have not met their burden to sufficiently support their assertions.  Based on the parties' filings and representations, the Court finds that there is a bona fide factual dispute.[2] Therefore, the Court denies Defendants' request to impose Rule 11 sanctions on Plaintiffs' or their counsel.

### B. *Rule 16(f) Sanctions Are Warranted*

On the other hand, sanctions under Rule 16(f) are appropriate here.   The sanctions

---

[2]   In their Reply, Defendants explicitly argue for the first time that sanctions are warranted because "Plaintiffs' counsel's investigation of Plaintiffs' claims was not thorough."  Defs.' Reply [ECF No. 40] at 7.  Defendants' argument is misplaced because it presupposes that the first prong of the Rule 11 inquiry is met here.  Because the Court finds that Defendants have not met the objective frivolity prong of the Rule 11 inquiry, the Court need not address the sufficiency of Plaintiffs' counsel's investigation.

That being said, although the Court does not reach this determination, the Court nevertheless cautions Plaintiffs' counsel that it is insufficient to simply take a client's representations at face value.  Claims *must* be investigated *before* they are brought to this Court.  Upon review of the Court's docket, it appears that in addition to the instant action, Plaintiffs' counsel have various matters pending before this Court.  *See Dierdorf v. Advanced Motion Therapeutic Massage, Inc. et al*, No. 19-62609; *Louis v. HMSHost Corp.*, No. 20-61727; *Rijo v. FirstService Residential, Inc.*, No. 20-62256; *Cruz, Sr. v. Unlimited Electrical Contractors Corp.*, No. 21-60148; *Lopez v. Auto Wax of South Florida, Inc., et al.*, No. 20-81892; *Perez v. CECO Concrete Construction. LLC*, No. 21-80071.  Let this Order serve as a reminder to Plaintiffs' counsel that it is their responsibility to ensure that a fulsome investigation of claims has been conducted in all of their aforementioned cases—as well as any future actions Plaintiffs' counsel intends to bring before this Court.

contained in Rule 16(f) are designed to punish parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation. *See Goforth*, 766 F.2d at 1535. A trial court is justified in dismissing an action under Rule 16(f) as a sanction for the conduct of plaintiff or plaintiff's counsel. *Id.*

As set forth in Local Rule 16.2(e), the Order in Actions Brought Under the FLSA [ECF No. 4], the Scheduling Order [ECF No. 14], *and* in Magistrate Judge Reinhart's Order Setting Telephonic Settlement Conference [ECF No. 20], Plaintiffs were expressly required to appear at the settlement conference. Plaintiffs were aware of the Court's orders, and Plaintiffs' counsel advised Plaintiffs of the importance of attending the settlement conference. *See* Pls.' Resp. to Defs.' Second Motion for Sanctions [ECF No. 35] at 2. Yet Plaintiffs still failed to appear. Plaintiffs have no explanation for failing to appear; instead, their attorneys have recounted their repeated efforts to reach Plaintiffs since initially advising them of the January 11th settlement conference—all of which have been unsuccessful. *Id.* As detailed in Plaintiffs' Counsel's Motion seeking to withdraw as counsel of record, it appears that Plaintiffs have lost all contact with their attorneys and seemingly abandoned their claims. *See* Pls.' Mot. [ECF No. 37]. Despite Plaintiffs' counsel's best efforts, Plaintiffs have failed to diligently prosecute this case. Thus, the Court finds it appropriate to impose sanctions against Plaintiffs for failure to comply with this Court's orders. Accordingly, Plaintiffs' claims shall be dismissed.

Additionally, as set forth *supra*, Rule 16(f)(2) provides for the imposition of monetary sanctions against an offending party unless the party's noncompliance is substantially justified or other circumstances make an award of expenses unjust. The Court finds that the Plaintiffs' noncompliance in this action was not substantially justified and that an award of expenses and attorney's fees is just.[3] Thus, in accordance with Rule 16(f)(2), the Court is requiring the Plaintiffs

---

[3] For clarity, these monetary sanctions are imposed on the offending parties—namely the individual

to pay the reasonable expenses incurred by Defendants, including attorney's fees, resulting from the Plaintiffs' failure to appear at the scheduled settlement conference.

<strong><u>CONCLUSION</u></strong>

For the reasons set forth herein, it is therefore

**ORDERED AND ADJUDGED** as follows:

1.   The First Motion for Sanctions [ECF No. 27] is **DENIED**.

2.   The Second Motion for Sanctions [ECF No. 34] is **GRANTED**.  Plaintiffs' action is hereby **DISMISSED** for failure to comply with court orders.

3.   Additionally, Plaintiffs shall pay Defendants' reasonable expenses, including attorney's fees, incurred because of the Plaintiffs' failure to appear at the scheduled settlement conference.  Defendants shall provide the Court, within **thirty (30) days** from the date of this Order, with relevant time records and an accompanying affidavit substantiating their request for attorney's fees.

4.   Plaintiffs' Counsel's Motion [ECF No. 37] is **GRANTED**.  Counsel Tanesha W. Blye, Yadhira Ramirez-Toro and Ruben M. Saenz of the firm Saenz & Anderson, PLLC are hereby withdrawn and relieved of any further responsibility as counsel for Plaintiffs.  The Clerk is directed to remove said counsel from the CM/ECF electronic list of counsel to be served in this action.

5.   Any pending motions are denied as moot, and this case is **CLOSED**.  However, the Court retains jurisdiction to address the award of attorney's fees under Rule 16(f).

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of January, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

Plaintiffs—and not on Plaintiffs' counsel.